IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JEFFREY A. DEER                                                                              PETITIONER

VS.                                        CIVIL ACTION NO. 3:12cv180-DPJ-FKB

JOHN WRIGHT                                                                            RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action for federal habeas relief pursuant to 28 U.S.C. § 2254. Presently before the Court is the motion of Respondent pursuant to 28 U.S.C. § 2244(d) seeking dismissal of the petition as untimely. Petitioner has not responded to the motion. Having considered the motion, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Jefferey A. Deer pled guilty in the Circuit Court of Pike County, Mississippi to two counts of touching a child for lustful purposes. On February 23, 2009, he was sentenced to twelve years on count one, with six years suspended, and eight years on count two, with all eight years suspended, to be served consecutively with five years of post-release supervision. Deer filed in the trial court a "Motion to Clarify Sentence" on September 9, 2009. On December 3, 2009, while that motion was pending, he filed a second motion entitled "Motion to Withdraw Guilty Plea." The court construed the former motion as one for post-conviction relief and denied it on January 5, 2010. The trial court apparently reentered the same order on January 27, 2010. On January 29, 2010, the court denied the latter motion, finding it procedurally barred as a successive writ. Deer filed his § 2254

petition with this Court on or after March 7, 2012.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Deer's judgment became final on the date he was sentenced,

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Deer's petition was "filed" sometime between the date it was signed, March 7, 2012, and the date it was received and filed by the district court, March 14, 2012.

2

February 23, 2009.[2]  He had one year from that date, or until February 23, 2010, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court.  Because Deer had a properly-filed PCR motion pending from September 9, 2009, until January 29, 2010, he is entitled pursuant to § 2244(d)(2) to 143 days of statutory tolling.  Thus, his one year expired on July 16, 2010 (one year from February 23, 2010, plus 143 days), and his habeas petition, filed on or after March 7, 2012, is untimely.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 5th day of December, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[2] By statute, there is no direct appeal from a guilty plea in Mississippi.  *See* Miss. Code Ann. § 99-35-101.  Thus, pursuant to § 2244(d)(1)(A), Deer's conviction and sentence became final on the date he was sentenced.

3